# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00238-JLT-SKO |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 884, 885, 887, 900, 902, 903) |
| KENNETH BASH, et al., | |
| Defendants. | |

Having reviewed the motions, joinder, oppositions and reply briefs, and for the reasons set forth on the record, the Court rules as follows:

1. The Court hereby GRANTS IN PART Defendant Johnson's motion to compel specific discovery (Doc. 884), in which Defendant Clement joins (Doc. 902), as follows:

    a. The Government shall comply with Fed. R. Crim. P. 16(a)(1)(A) and (B) with regard to the oral, written or recorded statements of the Defendants to the extent it does not conflict with prior rulings in this case.

    b. The Government shall comply with its obligations under *Brady v. Maryland,* 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. Section 3500, regarding co-conspirator statements.

    c. Regarding discovery of predicate acts to Count One (the RICO conspiracy), the Government shall continue to produce discovery regarding the charged

offenses in accordance with the Federal Rules of Criminal Procedure.

    d.    Regarding the raw data from the forensic extraction of Mr. Roshanski's phone, **by no later than February 15, 2024**, the Government shall investigate and inform defense counsel whether such raw data exists and, if so, shall produce it to defense counsel by that date.

    e.    Regarding discovery of firearms and ballistic information, **by no later than February 15, 2024**, the Government shall provide all information, including any reports relating to the existence or non-existence of any NIBIN hits, for the firearms evidence related to the homicides and RICO count.

    f.    With respect to the inspection of evidence under Fed. R. Crim. P. 16(a)(1)E), all such evidence shall be collected by the Government for inspection by defense counsel to take place in Fresno, California, on **February 28, 2024**. The Government shall provide a list to defense counsel of any evidence not made available on that date, and that remaining evidence shall be made available for inspection in Fresno on **April 3, 2024**.

The motion to compel specific discovery is DENIED in all other respects.

2. The Court hereby GRANTS IN PART Defendant Johnson's motion for confirmation, designation, and identification of evidence by the Government (Doc. 885), in which Defendant Clement joints (Doc. 903), as follows: Each of the six categories of evidence described in the motion have been addressed in the Court's ruling on the motion to compel specific discovery (see supra), which applies with equal force here. The motion is DENIED in all other respects.

3. The Court in its discretion DENIES Defendant Johnson's motion for a bill of particulars (Doc. 887), in which Defendant Clement joins (Doc. 900). The Second Superseding Indictment (SSI) sets forth information regarding the racketeering enterprise and its formation, membership, command structure, codes of conduct, purposes of the enterprise and method and means used by the racketeering enterprise, as well as specific information regarding the conspiracy charges, the murder in aid of racketeering charges, and the drug

related charges. The Government shall continue, however, to provide information to which the defense is entitled under the Federal Rules of Criminal Procedure. Regarding Jencks Act material, the Government shall endeavor to produce such material to the defense pre-trial, to assist with avoiding delay during the trial.

IT IS SO ORDERED.

Dated:   **February 1, 2024**                              */s/ Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE