# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00238-JLT-SKO |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 937, 938, 939, 943, 946, 948, 952, & 954) |
| KENNETH BASH, et al., | |
| Defendants. | |

Having reviewed the motions, joinder, oppositions, and replies, and for the reasons set forth on the record, the Court rules as follows:

## I.     Motion for Order to Return to CDCR Custody

"Generally, federal inmates and pretrial detainees may only challenge the conditions of their confinement pursuant to an action brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971) (a "*Bivens* action")." *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2020 WL 3858599, at *4 (E.D. Cal. July 8, 2020).  Courts, however, have recognized one limited exception to this rule: a defendant in a criminal case can challenge "conditions of confinement that impinge his or her ability to consult with counsel or exercise other trial rights." *Id*.; *see United States v. Luong*, No. 99-cr-433-WBS-GGH, 2009 WL 2852111, *1 (E.D. Cal. Sept. 2, 2009).  Fresno County Jail may impose restrictions on inmates that are reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).  That interest,

however, must be balanced with the pretrial detainee's ability to consult with counsel.

Here, Defendant Francis Clement, joined by Defendant Kenneth Johnson, move for an order returning them to the custody of the California Department of Corrections and Rehabilitation ("CDCR") from Fresno County Jail. (Doc. 937 & 948.) The motion seeks such relief on the basis that the Fresno County Jail:

1. provides only one visiting room for attorneys to meet with clients, which cannot be reserved in advance;
2. contains a "cage" within the regular visiting room in which the defendants are locked;
3. has allegedly "deplorable" conditions in visiting areas;
4. monitors legal visitation through the use of cameras;
5. provides a meeting space in which jail staff can be heard talking outside and has "unreliable internet connections" for Zoom calls;
6. lacks the ability to show the defendants their discovery on a laptop computer; and
7. holds Defendant Clement in solitary confinement; and
8. has a "continued inability" to provide "adequate medical care."

For the reasons set forth on the record, the Court finds that that the foregoing conditions of confinement numbered 1, 2, 3 and 5, 6, 7, and 8 do not impinge either Defendant Clement's or Defendant Johnson's right to have a confidential communications with their counsel. Defendants' motion is hereby DENIED as to those conditions.

As to condition of confinement numbered 4, the Court is without adequate information to determine at this time whether Fresno County Jail's monitoring of the visiting room impinges the defendants' right to have a confidential communications with their counsel. Accordingly, the parties SHALL meet and confer and speak with Fresno County Jail officials to determine whether the Jail records audio of communications made while in the visiting room, either through a camera or "speaker box" positioned in the room. Defendants' motion as to Fresno County Jail's monitoring of legal visitation is hereby DENIED WITHOUT PREJUDICE, subject to being renewed after their meet and confer efforts, if appropriate.

///

## II. Motion to Compel Disclosure of Co-Conspirator Statements

Defendant Clement moves for an order compelling the Government to identify all statements that it may seek to introduce at trial pursuant to Fed. R. Evid. 801(d)(2)(E) and proffer the basis for the claimed admissibility of such statements. (Doc. 938.) Defendants Kenneth Bash (Doc. 939), Kenneth Johnson (Doc. 943), Evan Perkins (Doc. 946), Derek Smith (Doc. 952), and Brandon Bannick (Doc. 954) join in the motion.

The Court has ruled on this motion before (*see* Doc. 925) and will not revisit its prior ruling. As previously stated, co-conspirator statements do not fall within the purview of Fed. R. Crim. P. 16. Similarly, Federal Rule of Evidence 801(d)(2)(E) does not require pretrial disclosure of such statements, nor do the Court's Local Rules require such disclosure. Accordingly, Defendants' motion to compel is DENIED.

The Government "shall comply with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. Section 3500, regarding co-conspirator statements," as previously ordered. (Doc. 925 at 1.) "Regarding Jencks Act material, the Government shall endeavor to produce such material to the defense pre-trial, to assist with avoiding delay during the trial." (*Id*. at 3.)

IT IS SO ORDERED.

Dated:   **April 5, 2024**                             /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE