UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH BASH, et al,<br><br>Defendants. | Case No. 1:20-CR-00238-JLT-SKO<br><br>ORDER DENYING MR. CLEMENT'S AND MR. JOHNSON'S APPEAL OF THE ORDER DENYING THEIR MOTION FOR RETURN TO STATE CUSTODY<br><br>(Docs. 1038, 1042) |

Mr. Clement and Mr. Johnson seek an order of the Court returning them to state custody pending trial. The magistrate judge denied the motion. On appeal, the defendants argue that the magistrate judge missed the point. Rather than seeking any assistance of the Court to address the concerns they have expressed related their ability to prepare for trial, they want the Court to order them returned to state custody pending trial. Because the magistrate judge properly considered the motion and because the defendants have failed to identify clear error, the appeal is **DENIED**.

**I.     Background**

In this action, both defendants are alleged to be members of the Aryan Brotherhood criminal gang, who have committed crimes to further their positions in the gang. The operative indictment alleges that the "Aryan Brotherhood is a white, race-based gang formed in the California prison system in about 1964 by white inmates who wanted to gain power and authority in prison." Doc. 1098 at 2. The AB "is a criminal organization whose members and associates

engaged in drug trafficking, theft, and acts involving murder, extortion, burglary, robbery, and assault." *Id*. at 2. According to the government, the purpose of the Aryan Brotherhood is to control illegal activities within the California prison system, to enrich its leaders, members, and associates, to preserve, protect and expand the reach of the AB's power and to threaten and use violence to "keep victims in fear of the AB." (*Id.* at 4.)

While this case has been proceeding through discovery and approaching trial, Messrs. Clement and Johnson have been housed at the Fresno County Jail. Before this, they were in the custody of the California Department of Corrections and Rehabilitation and were most recently housed at Kern Valley State Prison in Delano, California.[1] (Doc. 1003-1; Doc. 966) Both defendants were "serving a sentence with a maximum term of years of life."[2] (Doc. 937 at 2) Each was produced to the federal court via a writ of habeas corpus ad prosequendum.

In the original motion, Mr. Clement asserted that the conditions at Fresno County Jail "denied [him] his Sixth Amendment right to speak freely with his attorneys and the attorneys' agents. The conditions of his confinement are impinging on his ability to consult with counsel and exercise other trial rights such as reviewing discovery and preparing for trial." (Doc. 937) He argues that legal visits are "not unmonitored," that the "meeting space is not adequately confidential, nor are the supposedly confidential Zoom rooms."[3],[4] *Id*. at 5. Mr. Johnson raised similar concerns when joining Mr. Clement's motion.[5] (Doc. 948 at 2-33) Both Mr. Clement and

---

[1] The Court takes judicial notice that this prison is approximately 80 miles from the Fresno federal courthouse.

[2] The Court is aware of Mr. Johnson's sentence from statements made by Mr Johnson's counsel at a previous hearing.

[3] Mr. Clement raises other complaints about the facilities at Fresno County Jail that his attorneys encounter, e.g., having to wait for a meeting room to become free, that the meeting room is unclean, and that the cell in which Mr. Clement is held while meeting with his counsel makes presenting him evidence on their laptops difficult, and Mr. Clement does not receive the same quality of medical care that he received at the state prison. *Id*. at 4-5, 8. None of these complaints rise to the level of a Sixth Amendment deprivation.

[4] Mr. Clement provide "illustrations of that the TTM cases look like," which are the cell in which he is held for meetings with counsel. When the Court clicked on the link that is cited for the photos, the website indicates that these cells are, in fact, "suicide cells" at Salinas State Prison, and the website fails to speak to "meeting cells." Thus, the Court presumes that the photos are not intended to represent the actual cells at Fresno County Jail, though, apparently, counsel contends that they are similar.

[5] Mr. Johnson also complains about the quality of his medical care. *Id*. at 3-6. Attached to his joinder are medical records, which demonstrate that care he has received, the "cardiac diet" he is on and the status of his request for new orthotic shoes.

Mr. Johnson iterated that they were <u>not</u> seeking the Court's intervention in correcting the issues raised in the motion. (Doc. 1003 at 1, 2-5; Doc. 1004)

The government opposed the motion and argued that even assuming the defendants demonstrated an impingement on their Sixth Amendment rights—by having meetings which are monitored by jail staff—citing *Turner v. Safley*, 482 U.S. 78, 89 (1987) and other cases, they failed to demonstrate that these impingements, are "not reasonably related to a legitimate penological interest." (Doc. 980 at 2-4) The government argued,

> There is no doubt that the defendants' conditions of confinement were less restrictive within the California prisons. But, this is precisely the problem. For years, defendants have manipulated prison rules and lawyer privileges to oversee and run a vast criminal enterprise from their prison cells. The enterprise proved adept at smuggling contraband, orchestrating large-scale drug deals, and carrying out murders, even while incarcerated. Restrictive conditions are needed to keep the defendants from violating jail policies, breaking the law, and hurting other inmates.
> As a group of inmates, these defendants are more violent, more manipulative, more experienced, and much more savvy than other inmates. They are veterans of prison system. Given the extreme danger these defendants pose, FCJ "must be able to take steps to maintain security and order at the institution and make certain no weapons or illicit drugs reach detainees." *Bell*, 441 U.S. at 540.

(Doc. 980 at 6-7)

In determining the motion, Judge Oberto noted that having visits that are monitored may implicate the defendants' rights but found "the Court is without adequate information to determine at this time whether Fresno County Jail's monitoring of the visiting room impinges the defendants' right to have a confidential communications with their counsel. Accordingly, the parties SHALL meet and confer and speak with Fresno County Jail officials to determine whether the Jail records audio of communications made while in the visiting room, either through a camera or "speaker box" positioned in the room." (Doc. 1028 at 2.) Consequently, she denied the motion without prejudice to renewing it if after they conferred with Fresno County Jail officials, their concerns were not allayed. *Id*. at 2

**II.    Analysis**

In his appeal of this decision, Mr. Johnson reiterates that he does not seek the Court's assistance in correcting the issues detailed in his and Mr. Clement's motion at the Fresno County Jail. (Doc. 1038 at 2) He asserts,

3

>By requesting to be moved, Mr. Johnson is not asking the Court to address the conditions of confinement at FCJ. Instead, he asks the Court, who has the power to transfer him back to state custody under the writ, to return him to state custody. Thus, the law limiting the Court's jurisdiction in a criminal action to enjoin FCJ's conduct, and address conditions of confinement, does not apply to this request. The only question is whether the Court will exercise its discretion under the writ.

*Id.* He argues that his medical conditions are not being treated properly at FCJ and, as a result, he cannot adequately assist counsel. *Id*. at 4. Though the documents he presents demonstrate a medical condition, and the Court does not doubt Mr. Johnson's claim of pain, the Court cannot determine based upon these scant records whether other treatment is constitutionally required or whether he demonstrates a simple disagreement between medical providers or between him and his medical providers, as to the proper course of treatment. The fact that Mr. Johnson objects to the quality of his medical treatment at Fresno County Jail does tell the full story nor does it demonstrate that he is unable to assist counsel.

Indeed, most notably at the hearing on March 25, 2024 (Doc. 1016) and at the hearing on this appeal, the Court observed many instances when Mr. Johnson and Mr. Clement enjoyed instances of robust discussions with their attorneys, providing guidance and input to them to assist their counsel to craft their arguments on the fly. Thus, the Court finds that the defendants have not demonstrated that their medical condition require their transfer to the custody of the CDCR.

As to the claim that attorney visits are "not unmonitored," like Judge Oberto, the Court cannot determine what exactly is happening. The Court notes that "not unmonitored," is not the same as "monitored," and the Court presumes this careful description of the visits was intentional. The Court has no idea what "not unmonitored" means, and it declines to speculate. However, at the hearing on this appeal, Mr. Johnson's counsel indicated that he and other counsel have conferred with officials from the Fresno County Jail, and they have come to some sort of a resolution.  On the other hand, the Court, like counsel, is appalled at the description of the cleanliness of the area where the attorneys must meet with the defendants. The Court has no idea, however, how frequently counsel have encountered these conditions or what steps may have been taken to address them. As deplorable as the conditions are, the fact that counsel are subjected to

them does not demonstrate that the defendants are being denied a constitutional right. Likewise, the fact that counsel must sometimes wait for a meeting room does not demonstrate a violation of the Sixth Amendment.[6, 7]

On the other hand, the defendants are confident they will not encounter these conditions while in the custody of the CDCR. This is contrary to the Court's experience with the thousands of lawsuits filed by prisoners of the CDCR filed in this courthouse complaining of these very same conditions and many others. Even assuming the defendants contend that these conditions do not exist at KVSP—and the Court has been advised through hundreds of lawsuits filed by inmates at that prison that many inmates contend that they *do* exist—there is no guarantee that the defendants will be returned to that facility. The CDCR will determine where they are housed, and the CDCR operates numerous Level IV security prisons throughout the state—some as far away as Crescent City and Susanville. Even those that are closer, such as in California City, Lancaster or Sacramento, placement there would result in about a four-hour drive each way to the Fresno federal courthouse. The security risks that repeated trips from even closer facilities pose to those making the transport would also have to be considered, if the Court were to exercise the discretion urged.[8]

The Court recognizes that the defendants are correct that the Court has the discretion to return them to state custody and that a demonstration of a violation of a constitutional right is not a necessary prerequisite to the exercise of that discretion. However, this would be an extraordinary remedy for problems identified by them especially in light of the failure to demonstrate that all efforts to improve these conditions with the Fresno County Jail officials and

---

[6] The Court does not specifically address each of the conditions of which the defendants complain. However, it finds that they have failed to present sufficient evidence that any rise to the level of a violation of their Sixth Amendment right.

[7] Notably, counsel raised this issue with the Court about a year ago. The Court investigated the situation with the USMS—as the Court advised counsel at the time--and as a result advised counsel that they must coordinate with the other legal teams if they wished to avoid this circumstance. Mr. Johnson's attorney acknowledged and noted that counsel are coordinating and, due to some of the defendants in this case being moved to other facilities, it has become easier to coordinate use of the meeting rooms.

[8] The Court is unwilling to accept the offer of the defendants to waive their presence at all future hearings before trial because neither the Court nor the defendants can now anticipate the nature of these yet unscheduled hearing.

through their processes, have been exhausted. Therefore, the appeal is **DENIED**.

IT IS SO ORDERED.

Dated:  **June 25, 2024**

_____
UNITED STATES DISTRICT JUDGE