UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BASH, et al,<br><br>　　　　Defendants. | Case No. 1:20-CR-00238-JLT-SKO<br><br>ORDER GRANTING IN PART MOTION FOR SCHEDULING ORDER<br><br>(Doc. 1180) |

　　　　Mr. Johnson moves the Court for a scheduling order due to the approaching trial date. (Doc. 1180) No party has opposed the motion, though there is disagreement as to deadline the Court should impose (Doc. 1256). The Court held hearing on this motion on August 26, 2024, and issued the following schedule[1]:

1. Further superseding indictment: **120 days before trial.**
2. Recordings/transcripts to be offered in the government case-in-chief:
    a. As to the recordings/transcripts already produced: **75 days before trial.**
    b. As to the recordings/transcripts not yet produced:
        i. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial.**

---

[1] As to any deadline that falls on a non-court day, the deadline **SHALL NOT** be extended to the next court day.

        ii. Access by the defendants: **45 days before trial.**

3. Disclosure of government experts:

   a. Informal notification, along with topics upon which the witness will testify: **90 days before trial.**

   b. Formal Rule 16 notice: **75 days before trial.**

4. Notice of any uncharged misconduct evidence that the government intends to use, as required by Fed. R. Evid. 404(b) other than that which constitutes racketeering acts in support of Count 1: **90 days before trial.**

5. Statements by defendants which would give rise to issues under *Bruton v. United States*, 391 U.S. 123 (1968):

   a. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial.**

   b. Access by the defendants: **45 days before trial.**

6. Statements the Government intends to offer under Fed. R. Evid. 801(d)(2)(E): **70 days before trial**

   a. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial.**

   b. Access by the defendants: **45 days before trial.**

7. Any Jencks Act/Giglio materials:

   a. Under a protective order restricting access **only** to the attorneys/defense team: **70 days before trial.**

   b. Access by the defendants: **45 days before trial.**

8. Witnesses to be called by the Government in its case-in-chief:

   a. Informal preliminary witness list: **70 days before trial.**

   b. Finalized witness list[2]: **45 days before trial.**

///

---

[2] The preliminary witness and exhibit lists offered by the parties **SHALL** be as complete as possible. The government's finalized witness and exhibit lists may be modified to account for the information contained in the defendants' lists **no later than 15 days before trial**.

9. Exhibits to be introduced by the Government in its case-in-chief:
    a. Informal preliminary exhibit list: **60 days before trial.**
    b. Finalized exhibit list: **45 days before trial.**
10. Jointly proposed juror questionnaires: **75 days before trial.** [3]
11. Daubert Motions:
    a. Defense: **45 days before trial.**
    b. Government: **30 days before trial.**
12. Substantive non-Daubert Motions: **45 days before trial.**
13. Motions in limine:
    a. Filing: **45 days before trial.**
    b. Opposition: **30 days before trial.**
    c. Hearing: **January 6, 2024, 1:30 p.m.**
14. Proposed voir dire questions, jury instructions, and verdict forms for all parties: **30 days before trial.**
15. Defense witness and exhibit lists: **30 days before trial.**
16. Defense experts:
    a. Informal notification, along with topics upon which the witness will testify: **60 days before trial.**
    b. Formal Rule 16 notice: **45 days before trial.**
17. Brief re: the number of defense peremptory challenges[4]: **No later than September 27, 2024.**

///

///

///

///

---

[3] After consultation with Jury Services, the Court needs the proposed questionnaire provided sooner, so that there is the option to provide them to prospective jurors in advance.

[4] The Court's inclination is to seat six alternates and to allow three additional peremptory challenges per side.

3

18. Government's Proposed Protective order to be produced to the defense: **at least 90 days before trial.**

IT IS SO ORDERED.

Dated:     **September 4, 2024**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE