# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-00238-JLT-SKO |
| Plaintiff, | ORDER RE MOTIONS AND SETTING FURTHER STATUS CONFERENCE |
| v. | (Docs. 1122, 1132, 1135, 1138, 1141, 1201, 1206, 1209, 1212, 1251, 1253, 1282) |
| KENNETH BASH, et al., | |
| Defendants. | |

Having reviewed the motions, joinder, oppositions, and replies, and for the reasons set forth on the record, the Court rules as follows:

**I.    Motion for Disclosure of Grand Jury Schedule, Instructions, and Materials (Doc. 1122)**

Defendant Justin Gray moves for an order of disclosure of the following grand jury materials, pursuant to Federal Rules of Criminal Procedure 6(e)(3)(E)(i) and (ii):

1. The grand jury's dates of commencement and termination, and any court orders or documents relating to the dates of commencement and termination;
2. The instructions given to the grand jurors; and
3. Records or orders related to any decision to transfer evidence from one grand jury to another involving this case.

(Doc. 1122.) Defendants Brandon Bannick (Doc. 1132), Kenneth Johnson (Doc. 1135), Francis Clement (Doc. 1138), Evan Perkins (Doc. 1141), Jayson Weaver (Doc. 1209), and Waylon Pitchford

1  (Doc. 1282) join in the motion.

2      For the reasons set forth on the record, the motion is GRANTED IN PART and DENIED IN
3  PART, as follows:

4      1.    **By no later than September 27, 2024**, the Government SHALL produce the
5          ministerial records regarding empanelment, with names and identifying information
6          redacted, for the grand jury that returned the December 10, 2020, indictment, as well
7          as for the grand juries that returned the September 8, 2022, superseding indictment;
8          the May 11, 2023, second superseding indictment; and the June 3, 2024, third
9          superseding indictment.

10     2.    **By no later than September 27, 2024,** the Government SHALL produce the
11         ministerial records regarding any instructions given to the grand jurors by the Court
12         during a public proceeding.

13         The motion is denied as to the disclosure of instructions given by the United
14         States Attorney's Office during the course of the presentation to the grand jury,
15         without prejudice to renewal upon a showing of "particularized need." *Douglas Oil*
16         *Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 223–24 (1979). *See United*
17         *States v. Morales*, No. CR. S-05-0443 WBS, 2007 WL 628678, at *2–3 (E.D. Cal.
18         Feb. 28, 2007) (Mueller, M.J.); *see also United States v. Schneider II*, No. 1:10-CR-
19         00361-JLT, 2022 WL 17324857, at *2–3 (E.D. Cal. Nov. 29, 2022), *aff'd sub nom.*
20         *United States v. Schneider*, No. 22-10340, 2023 WL 8714899 (9th Cir. Dec. 18,
21         2023); *United States v. Hooton*, No. 2:21-CR-00105-DAD-1, 2023 WL 3582034, at
22         *1 (E.D. Cal. May 22, 2023); and

23     3.    **By no later than September 27, 2024,** the Government SHALL produce the records
24         or orders transferring the case from one grand jury to another, to the extent such
25         records or orders exist.

26
27
28

## II. Motion to Compel Specific Discovery (Doc. 1201)

Defendant Kenneth Johnson moves for an order compelling the Government to produce the following discovery:

1. Oral or written statements of Defendant Johnson or any co-defendants or any other co-conspirator which the government may use at trial to prove the predicate acts;

2. Other discovery regarding the predicate acts to Count One: the RICO conspiracy; and

3. Inspection of all evidence that the government intends to use at trial, was seized from any defendant, co-conspirator, accomplice, or alleged victim, or was obtained, reviewed, or relied upon in the course of any investigation that forms the basis for any Count, predicate act, or other allegation in the second superseding indictment.

(Doc. 1201.) Defendants Francis Clement (Doc. 1206), Jayson Weaver (Doc. 1209), Waylon Pitchford (Doc. 1212), Evan Perkins (Doc. 1251), and John Stinson (Doc. 1253) join in the motion.

For the reasons set forth on the record, the motion is GRANTED IN PART and DENIED IN PART, as follows:

1. The Court has previously ruled on this request, and its rulings stand. (*See, e.g.*, Doc. 925, 1016, 1028, 1039.)

2. **By no later than September 27, 2024,** the Government SHALL produce information discoverable under Fed. R. Crim. P. 16 that does not fall under the Jencks Act relating to the predicate offenses in the third superseding indictment, including that which is currently in the possession of state agencies; and

3. **By no later than September 27, 2024,** the Government SHALL produce all documents and objects pursuant to Fed. R. Crim. P. 16(a)(1)(E), to the extent not previously provided.

## III. Further Status Conference

A further status conference is set for October 16, 2024, at 01:00 PM in Courtroom 7 (SKO) before Magistrate Judge Sheila K. Oberto.

**By no later than October 1, 2024**, the parties shall file a joint status report confirming full compliance with this order or explaining why full compliance could not be made.

IT IS SO ORDERED.

Dated:  **September 5, 2024**                                  /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE