# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>KENNETH BASH, et al.,<br><br>   Defendants.<br>_____/ | Case No. 1:20-cr-00238-JLT-SKO<br><br>ORDER RE MOTIONS TO COMPEL<br><br>(Docs. 1394, 1408, 1476, 1478, 1488, 1501) |

Having reviewed the motions, joinders, oppositions, and replies, and for the reasons set forth on the record, the Court rules as follows:

**I.  Motion to Compel Production of Presentence Investigation Reports of Cooperating Witnesses (Doc. 1394)**

Defendant Kenneth Johnson moves to compel the production of the Presentence Investigation Reports ("PSRs") for cooperating government witnesses. (Doc. 1394.) Defendant Francis Clement (Doc. 1408) joins in the motion.

Pursuant to Ninth Circuit case law, criminal defendants are entitled to disclosure of *Brady*[1] material contained in a PSR. *United States v. Alvarez*, 358 F.3d 1194, 1207 (9th Cir. 2004) (citing *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1375 (9th Cir. 1987)). Judges have discretion either to make an *in camera* inspection of the PSRs or to rely on an examination by a probation

---

[1] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

officer. *Id*. at 1208 (*Chavez–Vernaza*, 844 F.2d at 1375). Accordingly, the motion is GRANTED IN PART as follows:

1. The Government SHALL REVIEW the PSRs for the cooperating witnesses and IDENTIFY any and all *Brady* material contained therein. **By December 20, 2024**, the Government shall email the PSRs *in electronic format*, with the *Brady* material identified, to skoorders@caed.uscourts.gov for an *in camera* review by the undersigned.

2. If necessary, **on December 23, 2024**, the Government SHALL MEET with the undersigned to discuss the identified *Brady* material in the PSRs and the need for any additions to the *Brady* material identified by the Government.

3. By **December 26, 2024**, upon receipt of PSRs that have been reviewed by the Court, the Government SHALL PRODUCE to Defendants Johnson, Clement, and any other defendants who are entitled to it, any and all *Brady* material contained in the PSRs that was identified in consultation with and as a result of the Court's *in camera* review.

**II.     Motion to Compel Government to Identify *Bruton* Statements and Alleged Co-Conspirator Statements (Doc. 1476)**

On September 4, 2024, District Judge Thurston issued an "Order Granting in Part Motion for Scheduling Order," that set a schedule for the Government's disclosure of information in this case, including statements that would give rise to issues under *Bruton v. United States*, 391 U.S. 123 (1968), and statements of alleged co-conspirators that the Government intends to offer at trial pursuant to Fed. R. Evid. 801(d)(2)(E) ("Scheduling Order"). (Doc. 1286 at ¶¶ 5, 6.)

Defendant Francis Clement requests that this Court order the Government to "identify with specificity statements that would give rise to issues *Bruton v. United States*, 391 U.S. 123 (1968) and statements of alleged co-conspirators that it intends to introduce at trial pursuant to Fed. R. Evid. 801(d)(2)(E)." (Doc. 1476.) Defendants Kenneth Johnson (Doc. 1478), Brandon Bannick (Doc. 1488), and Evan Perkins (Doc. 1501) join in the motion. At the hearing, the Government stated that it has complied with the Scheduling Order.

For the reasons set forth on the record, the motion is GRANTED IN PART as follows:

1. **By December 27, 2024,** the Government shall PROVIDE to defense counsel the Bates Stamp numbers of each "Statement by defendants which would give rise to issues under *Bruton v. United States*, 391 U.S. 123 (1968)" that was previously produced to Defendants pursuant to paragraph 5 of the Scheduling Order.

2. **By December 27, 2024,** the Government shall PROVIDE to defense counsel the Bates Stamp numbers of each "Statement the Government intends to offer under Fed. R. Evid. 801(d)(2)(E)" that was previously produced to Defendants pursuant to paragraph 6 of the Scheduling Order.

3. The foregoing identification obligations are subject to any unanticipated issues that may arise during the course of trial.

IT IS SO ORDERED.

Dated:  **December 18, 2024**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE