COURTROOM/TRIAL PRACTICES

DISTRICT JUDGE THURSTON

The purpose of these guidelines is to state, for the guidance of counsel, the basic rules concerning courtroom decorum while in trial. The requirements stated are minimal, not all-inclusive, and are intended to supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time-honored customs of experienced trial counsel.

When appearing in this court, all counsel (which includes Mr. Bannick, when acting as his own attorney) and all persons seated at counsel table shall abide by the following:

1. The parties and witnesses should be appropriately attired. Public officials (including law enforcement officers, fire department personnel, military officers, etc.) who normally wear an official uniform while on duty, if they are parties to the action or counsel in the action, should **not** wear their uniforms during trial unless they have obtained prior permission from the Court.

2. Because Mr. Bannick will not be allowed to examine witnesses/voir dire the jury from the lectern, neither will counsel for the defendants or the government. Counsel and Mr Bannick SHALL remain seated at all times and SHALL display their evidence electronically.

3. Counsel **SHALL** address all remarks to the Court, not to their opponent. The SHALL avoid disparaging personal remarks or acrimony toward opposing counsel and/or parties. The SHALL remain detached from any ill-feeling between the litigants or witnesses.

4. Counsel **SHALL** refer to other counsel by their surnames and not by their first names.

5. As previously ordered, **the Court will seat an anonymous jury.** Counsel **SHALL** refer to jury members only by their badge number or, once "called into the box," by their juror seat number.

6. Unless otherwise approved in advance by the Court, opening statements are limited to 45 minutes per party, and closing arguments are limited to 60 minutes per party. The government **SHALL** also be allowed 60 minutes for its rebuttal argument.

7. If a party has more than one trial counsel, only one attorney for each party shall examine each witness on direct or cross-examination. Only the attorney who examines a witness shall state objections to questions by other counsel to that witness. Motions, the opening statement, or closing argument may be divided among counsel if different subjects are addressed by counsel, if the Court has granted prior permission.

8. Any documents or exhibits that counsel wish to have the Court examine, **SHALL** be provided to the courtroom staff while the jury is not present.

9. Any paper exhibit, not previously marked for identification, **SHALL** first be provided to the Courtroom Deputy Clerk to be marked before it is tendered to a witness for examination or placed on a viewing screen.

10. At the time that any exhibit is offered into evidence, the proponent of the evidence must provide a copy to other counsel unless the exhibit has been pre-marked and counsel have already provided a copy. This exchange **SHALL** occur outside the presence of the jury or it may be provided electronically.

11. Exhibits should be moved into evidence when the party has established their admissibility and when they are first used with a witness. Do not wait until the close of the evidence to move

    exhibits into evidence.

12. **No speaking objections.** In making objections, counsel should state only the legal grounds for the objection and should withhold further comment or argument, unless elaboration is requested by the Court. Because Mr. Bannick will not be allowed to stand, the Court **WILL NOT** hold side bar conferences in open court. Any communication with counsel must be held with the jury excluded from the court. Thus, counsel **SHALL** anticipate issues and, as necessary, to make a record outside the presence of the jury. In general, the Court will not stop the trial to confer with counsel.

13. In examining a witness, counsel **SHALL NOT** to repeat, summarize, comment on, or exhibit approval or disapproval of the answer given by the witness.

14. Offers of, or requests for, a stipulation should be made to opposing counsel, out of the hearing of the jury.

15. In opening statements and closing arguments to the jury, counsel **SHALL NOT** express their own personal knowledge, personal experience or opinion concerning any matter in dispute.

16. Counsel **SHALL** admonish all persons seated at counsel table and parties and persons under their direction and/or control, such as witnesses and associates, friends or family members, present in the courtroom, that gestures, facial expressions, laughing, snickering, audible comments, or other manifestations of approval, disapproval or disrespect during the testimony of witnesses are strictly prohibited.

17. Counsel **SHALL NOT**, in the presence of the jury, refer to any matter not in evidence or to any matter, witness, exhibit, or testimony that has been excluded by an order granting a motion in limine or to which an objection was sustained, and/or motion to strike has been granted.

18. Counsel **SHALL NOT** make a Rule 29 or other such motion, in the presence of the jury. If counsel wishes to make such a motion, counsel shall notify the Court in words like, "My client has a motion to make under Rule 29." The Court will then take the matter up as soon as possible outside the presence of the jury. This may not be until a scheduled break.

19. Counsel **SHALL** return to the courtroom promptly from breaks and shall be in the courtroom in the morning **at least 10 minutes before** the time the Court requires the jury members to return.

IT IS SO ORDERED.

    Dated:  **January 7, 2025**

*[Signature: Jennifer L. Thurston]*
UNITED STATES DISTRICT JUDGE