UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA , | 1:20-CR-00238 -JLT-SKO |
|---|---|
| Plaintiff, | FURTHER ORDER RE COURTROOM/TRIAL PRACTICES; FURTHER ORDER RE: U.S. v. MIRABAL |
| v. | |
| KENNETH JOHNSON, | |
| Defendant. | |

**I.   Courtroom decorum**

Before this trial began, the Court issued an order providing guidance as to the conduct of counsel during trial (Doc. 1663). Counsel SHALL read and abide by that order. The Court reiterates key points here.

First, objections are limited to stating the legal basis for them. There will be **<u>no speaking objections</u>**. (Doc. 1663 at 2). On the other hand, if counsel fail to state a legal basis for the objection, the Court will deny the objection as waived. Second, if counsel wish to refer to a document that has not been marked, they **SHALL** first provide it to the courtroom deputy clerk for marking (*Id.* at 1), and they **SHALL** provide the Court with a copy of the document for its reference, <u>before</u> the document is used in any manner with a witness. Finally, counsel **SHALL** direct their arguments to the Court and not to other counsel. *Id*.

///

## II. *United States v. Mirabal*

At trial, counsel for Mr. Johnson asserted that statements by the government are not hearsay under according to Rule 801(d)(2). There is little doubt that this is true. However, consel has since seemed to take the position that every statement by a government attorney is covered by the Rule and cited *United States v. Mirabal*, 98 F.4th 981, 986 (9th Cir. 2024) for this proposition. In *Mirabal,* the Ninth Circuit found that a sworn statement by a government attorney constitutes a statement by a party opponent for purposes of Rule 801(d)(2). The Court agreed with defense counsel and disagreed with the government's position that *Mirabal* is limited to sworn statements of the government's attorney.

Other courts have found that statements of government attorneys are not hearsay under Rule 801(d)(2) though, seemingly, only as to the statements on which the attorney intends the Court to rely. *See United States v. Kattar*, 840 F.2d 126, 130–31 (1st Cir. 1988) [Positions taken in briefs filed with the court are statements by a party opponent]. The Court agrees with this rationale but finds that the Rule does not limit the statements only to those the government attorney makes in court filings or under oath. The Rule simply does not contemplate this limitation. Even still, because the party opponent in a criminal prosecution is the *government* and not the individual attorney, not every statement made by a government attorney is made with the imprimatur of the government.[1] Each statement must be considered in context to determine whether Rule 801(d)(2) applies.[2]

On the other hand, the Court is aware of no authority for the proposition that the unsworn statements of a law enforcement officer are admissible as non-hearsay under Rule 801(d)(2), and *Mirabal* does not contemplate this. *See United States v. Kampiles*, 609 F.2d 1233, 1246 (7th Cir. 1979); *United States v. Pandilidis*, 524 F.2d 644, 650 (6th Cir.1975); *United States v. Powers*, 467 F.2d 1089, 1095 (7th Cir.1972).

---

[1] This is consistent with the instruction that evidence at trial does not include statements, arguments or questions by counsel. 9th Cir. Crim. Jury Inst. 1.4 (2019); 9th Cir. Crim. Jury Inst. 6.7 (2018)

[2] If the Rules applies and the witness' prior statement is otherwise admissible under Rule 613(b), the question or statement to which he is responding, in general and in appropriate circumstances, may also be used. In this event, the statement or question, is not evidence. The evidence is only that which comes from the witness.

Based on the foregoing and unless the Court is provided other authority that contradicts that which is set forth here and analyzed, the Court will expect compliance with this order.

IT IS SO ORDERED.

Dated:   **February 2, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3