UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> KENNETH JOHNSON, <br> Defendant. | 1:20-CR-00238-JLT-SKO <br><br> ORDER GRANTING IN PART THE MOTION TO QUASH IN PART AND DENYING MOTION FOR UNREDACTED AUTOBIOGRAPHIES <br> (Doc. 1702; 1676) |

The defense seeks confidential "autobiographies" written by specified potential witnesses in this case in which the writers "debriefs" related to activities known to the writer in his/her former capacity as a member or associate of the Aryan Brotherhood. Because the existence of such an autobiography, if it becomes known, places the author at risk of violence, including death, the Court ordered the defense to file under seal an explanation as to how this information pertains to the trial underway. Despite the Court providing an extension of time to comply with the order and despite the passing of two days past the deadline, no such filing has been made. Thus, for the reasons set forth below, the motion of the California Department of Corrections and Rehabilitation is **GRANTED in PART**[1] (Doc. 1702) and the motion for other autobiographies

---

[1] The Court conducted an in-camera review of records related to government witnesses and produced redacted records. Thus, this order does not concern that portion of the motion. Likewise, because the Court produced relevant records after the in-camera review, the motion for the other autobiographies is **DENIED** as **MOOT**.

1

(Doc. 1676) is **DENIED as MOOT**.

**I.     Analysis**

The Court has the discretion to enforce or quash a subpoena under Federal Rules of Criminal Procedure 17(c). *United States v. MacKey*, 647 F.2d 898, 901 (9th Cir. 1981). The Court must exercise this discretion in a manner that is neither arbitrary nor without support provided by the record. *Id*. The Court notes first that "a Rule 17(c) subpoena is not intended to serve as a discovery tool, . . . or to allow a blind fishing expedition seeking unknown evidence." *Id*. Though the defense argues that the subpoenas issued to the CDCR (Doc. 1702 at 8-13) do not constitute a fishing expedition, they base this assertion primarily on the proposition that the subpoenas were issued close in time to the trial (Doc. 1726 at 3) Also, the analysis in the opposition to the motion focuses on the need to be prepared for impeachment of government witnesses but offers no analysis as to how this rationale relates to the witnesses they, not the government, have placed on the witness list.[2]

Over the course of testimony in this trial, multiple witnesses have testified that if an AB member or associate talks to or cooperates with law enforcement, the person is target for murder. Thus, the Court was reluctant to seek out this information as to witnesses the defense intends to call without a showing as to how these witnesses contribute to the relevant body of evidence for the jury to evaluate.  The Court ordered,

> The Court has reconsidered the motion by Mr. Clement and Mr. Johnson for unredacted, confidential documents from the CDCR as it relates to the non-government witnesses identified in their subpoenas (Doc. 1702 at 9, 13). Upon further reflection and examination of the evidence known to the Court, it cannot discern, without further clarification, how the information sought addresses any issue to be decided by the jury. For example, if a witness is an AB dropout such that the witness has prepared an "autobiography" or made inculpatory statements about the defendants, the Court cannot imagine that the defense would call such a witness to testify. Thus, revealing that an autobiography exists would place the witness at great peril for no reason related to this trial. Thus, within 2 court days, counsel for Mr. Clement/Johnson SHALL detail in a sealed filing and lodged to JLTOrders@caed.uscourts.gov, the expected testimony of these non-government witnesses and how it bears on the issues to be decided. Once the Court receives this filing, it will decide whether the CDCR will be required to produce records as to non-government witnesses, if they exist.

---

[2] The defense argues also that the defendants are entitled to exculpatory evidence in the government's possession without explaining how this applies to the situation here, where they seek records that the prosecutor does not have from a third party. (Doc. 1726 at 2)

1 (Doc. 1759) As the deadline approached, counsel for Mr. Clement requested, and the
2 Court granted, an additional day to respond. (Doc. 1777 at 213). The defense did not file a
3 response and, despite the passage of two more days since the extended deadline, they still
4 have not done so.

5 For documents to be produced under Rule 17(c), the party must show that they are
6 relevant, admissible and the request must be specific. *United States v. Nixon*, 418 U.S. 683, 699-
7 701 (1974). The desire to use the documents for impeachment is not a sufficient basis to justify
8 production of documents. *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981). Because the
9 Court cannot see, as noted above, why the defense would call witness who have debriefed, it can
10 only presume that the defense has issued the subpoenas *for the purpose of* determining whether
11 any of those listed have debriefed. Without the defense demonstrating otherwise, the Court finds
12 that the subpoenas were a fishing expedition. Because of the significant risks posed to former AB
13 members and associates if their "debriefed" status becomes known, when weighed against no
14 factual showing to justify the production of the records under Rule 17(c). The motion to quash is
15 **GRANTED in PART** as described herein.

IT IS SO ORDERED.

Dated:    **February 3, 2025**

UNITED STATES DISTRICT JUDGE

3