UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:20-CR-00238-JLT-SKO |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE THE SENTENCING HEARING; ORDER REQUIRING THE DESTRUCTION OF ANY UNSERVED SUBPOENAS PREVIOUSLY ISSUED BY THE COURT |
| v. | |
| FRANCIS CLEMENT, KENNETH JOHNSON, | |
| Defendants. | (Doc. 1877) |

Defendants Clement and Johnson were convicted of various charges in this case on February 14, 2025, including multiple counts of murder in aid of racketeering; five counts as to defendant Clement and two counts as to defendant Johnson. (Doc. 1823; Doc. 1824) Pending their sentencing hearing—which they have both decided against attending—at their request, the Court allowed them to be returned to state custody over the government's objection.

Now Clement and Johnson seek to continue their sentencing hearing, not because they are unprepared to proceed, but because they have learned that sometime after the trial completed in this case, "an alleged threat or threats have been made to the lives of Mr. Clement and Johnson." (Doc. 1877 at 1) Using a 17(c) subpoena, issued by the Court in June 2024 for purposes of discovering evidence related to the pending trial, in April 2025, counsel for Mr. Johnson, Ryan Villa, issued the subpoena for records to the CDCR suggesting that the Court had ordered that the

1 information be produced. (Doc. 1895-1) The subpoena sought "any and all documents" related to
2 both Johnson and Clement's placement in "restricted" housing and about them being "targeted for
3 murder." (Doc. 1895-1 at 1, 9) In response, CDCR produced confidential, security information
4 and produced it directly to Mr. Villa, as he required.[1] (Doc. 1885; Doc. 1886)

Clement and Johnson note that the CDCR records indicate that "ATF Agent Gonzalez informed CDCR on March 10, 2025 that Mr. Clement and Johnson were "targeted for assault and/or murder" and that "violence will inevitably occur should [Johnson/Clement] remain housed in a General Population (GP) facility." (*Id*. at 1-2.) Despite the conclusion of counsel, the CDCR document does not indicate that the violence that would be directed at either defendant. Instead, the context of the situation—where they were being returned to state custody after having been found to have directed others to complete violent acts—suggests that the comment meant that the *defendants* being housed in General Population would allow *them* to target *others* with violence. In any event, the CDCR noted that this information was not corroborated and not authenticated, and that it would investigate to determine whether there were, in fact, threats or enemy concerns for these defendants. Apparently, to allow this investigation, the CDCR housed the two in protective custody.

The government reports that it has no newly discovered evidence related to safety concerns for either Clement or Johnson and that it knows of no threats. The government notes that Clement and Johnson were found at trial to have been involved in ordering the murder of an Aryan Brotherhood member without authorization by the higher-ups in the AB, which is required by the rules of the organization. (Doc. 1895 at 4) The government implies that when the CDCR learned this, that the CDCR concluded that Clement and Johnson were at risk. *Id*.

No matter what Agent Gonzalez actually said, and while even the specter of potential violence must be distressing to them, the defendants point to no information as to how this situation could, in any fashion, bear on the sentencing issues. Indeed, the defendants seem to

---

[1] Assuming without deciding that a Rule 17(c) subpoena is proper to support a post-trial motion, the Rule requires the party to apply to the Court to issue it after the party makes the proper showing. There is no authority for the proposition that an attorney can "stockpile" subpoenas to issue at their will without the oversight of the court. **In this instance, suggesting to the CDCR that the Court not only condoned the issuance of this subpoena but actually ordered compliance with it, is patently false**.

agree and suggest only that the threats and various information surrounding the threats could bear only on whether to seek a new trial. Even as to this, they do not explain how. Consequently, the Court **ORDERS**:

    1.    The motion to continue the sentencing hearing is **DENIED**.

    2.    Any subpoenas issued by the Court according to Rule 17(c) and retained by counsel, **SHALL** be destroyed immediately. If a proper basis for a subpoena under Rule 17(c) exists now or in the relevant future, counsel **SHALL** seek to have the Court issue the subpoenas through the normal process **and with the showing required by law.**

IT IS SO ORDERED.

Dated: __**May 14, 2025**__                                  _Jennifer L. Thurston_
                                                                              UNITED STATES DISTRICT JUDGE